### A04A2373. PARHAM v. THE STATE.

(606 SE2d 79)

BLACKBURN, Presiding Judge.

Following a jury trial, Nyoka Parham appeals her conviction for aggravated battery, enumerating as error the trial court's denial of her motion for a directed verdict. Evidence showed that Parham shot the victim in the buttocks, rendering her rectum and a portion of her colon useless for a period of time. Because this evidence sufficed to sustain the verdict, we affirm.

Parham asserts that the trial court erred in denying her motion for a directed verdict that was based on the insufficiency of the evidence.

> The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict, and [Parham] no longer enjoy[s] the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Williams v. State*.[2]

Viewed in this light, the evidence shows that the victim and two friends, armed with a bat and a thick chain, confronted Parham about

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Williams v. State*, 253 Ga. App. 458-459 (1) (559 SE2d 516) (2002).

a disagreement. The weapons were discarded. Parham then pulled a gun, and the threesome ran away. Weaponless, the threesome later returned to the same area, where Parham confronted them with a second gun. The threesome again ran, but this time Parham fired her gun twice, striking the victim in the buttocks and piercing her rectum and colon. Medical treatment of the injury required that the victim undergo a colostomy to collect her feces for four months while she healed. During this time, she could not defecate, and her rectum and a portion of her colon were rendered useless.

Parham was charged with aggravated battery and aggravated assault. At trial, the victim and her two friends testified to the facts set forth above, identifying Parham as the shooter. Challenging the sufficiency of the evidence, Parham moved for a directed verdict, which the court denied. Parham then introduced the testimony of a witness who claimed Parham was with him and not present during the shooting. The jury found her guilty on both counts. The court merged the aggravated assault count into the aggravated battery count and sentenced her to ten years.

Under OCGA § 16-5-24 (a), a person commits the offense of aggravated battery when she maliciously causes bodily harm to another by rendering a member of the victim's body useless. The injury inflicted by the gunshot wound here required a colostomy and rendered the victim's rectum and a portion of her colon useless, thus meeting this element of the crime. See *Cook v. State*[3] (colostomy met aggravated battery elements). As the trier of fact, the jury was authorized to disbelieve Parham's witness in favor of the State's witnesses. Because the evidence sufficed to sustain the aggravated battery conviction, the trial court did not err in denying the motion for directed verdict.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED OCTOBER 12, 2004.

*Patrick G. Longhi*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[3] *Cook v. State*, 255 Ga. 565, 578 (16) (340 SE2d 843) (1986).